UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| JOSE MEZA-HERNANDEZ, | ) ) | Case No. 5:26-cv-00813-MCS-JDE |
| Petitioner, | ) ) | ORDER RE: REPORT AND |
| v. | ) ) | RECOMMENDATION OF UNITED STATES MAGISTRATE |
| D. MARIN, et al., | ) ) | JUDGE (ECF NO. 28) |
| Respondents. | ) ) ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records on file, including the Petition for Writ of Habeas Corpus, (ECF No. 1), the Court's Order granting a temporary restraining order and preliminary injunction, (ECF No. 10), Respondents' Answer to the Petition, (ECF No. 19), Petitioner's Reply, (ECF No. 25), the Report and Recommendation of the United States Magistrate Judge, ("R. & R.," ECF No. 28), and Petitioner's Objections to the Report, (ECF No. 30).

The Court has engaged in a de novo review of those portions of the Report to which objections have been made. The Court accepts the report, findings, and recommendations of the Magistrate Judge, except with respect to

Count Two of the Petition, and with respect to the recommended relief on the remaining Counts, on which the Court respectfully disagrees with the Magistrate Judge.

The Court previously granted Petitioner preliminary injunctive relief on Count Two of the Petition and ordered Petitioner's immediate release from custody. (Order 11.) The Magistrate Judge recommends that the Court conclude that the Petition was rendered moot by Petitioner's release. (R. & R. 4.) This Court, however, has previously taken the position that a petitioner's release from custody pursuant to preliminary injunctive relief does not moot an underlying habeas petition. *See Martinez Cruz v. Lyons*, 5:25-cv-02879-MCS-MBK, 2025 U.S. Dist. LEXIS 234185, at *6 (C.D. Cal. Dec. 1, 2025) (Scarsi, J.) ("A habeas petition is not moot where preliminary relief is not made permanent."); *see also Ortiz Martinez v. Wamsley*, No. 2:25-cv-01822-TMC, 2025 U.S. Dist. LEXIS 201309, at *8 (W.D. Wash. Oct. 10, 2025) ("[T]he temporary relief granted to the three Petitioners does not moot their underlying application for a writ of habeas corpus."). Accordingly, because Respondents do not contest in their Answer that Petitioner is entitled to relief in Count Two, the Court will enter a judgment granting Petitioner relief consistent with that which was granted in the Court's Order granting preliminary injunctive relief.

With respect to the remaining claims for relief in the petition, Petitioner prays for multiple orders from the Court directing how Respondents should conduct possible future immigration proceedings involving him, including his potential removal to a third country. (Pet. 20–21.) Petitioner's requests do not rise above speculation and are therefore not ripe for adjudication. Considering the remaining relief Petitioner requests, the Magistrate Judge recommends that the Court direct Respondents "to comply with the United States Constitution and all applicable federal laws, regulations, and procedures in any future immigration proceedings for Petitioner." (R. & R. 4.) However, the Court will

not grant habeas relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after Petitioner's release. *See, e.g.*, *Baca Garcia v. Warden*, No. 2:26-cv-00998-CAS-JDE, 2026 U.S. Dist. LEXIS 35758, at *6–7 (C.D. Cal. Feb. 20, 2026) ("[T]he fact that Petitioner is subject to re-arrest and re-detention that may violate due process or statutory authority is too speculative and hypothetical to give rise to a threat of injury sufficient to satisfy Article III standing. Petitioner does not demonstrate that his re-detention is more than speculative, and the Court cannot adjudicate a hypothetical future injury without a factual record." (citation omitted)); *Mora Gutierrez v. Noem*, No. 26-cv-112-RSH-JLB, 2026 U.S. Dist. LEXIS 9272, at *4–5 (S.D. Cal. Jan. 16, 2026) (declining to issue "a permanent injunction regulating the terms under which Petitioner may be detained in the future or removed" to a third country because such an injunction would "exceed[] the scope of relief available to Petitioner on his habeas petition").

IT IS THEREFORE ORDERED THAT Count Two of the Petition is granted. Respondents shall not re-detain Petitioner without providing him a pre-detention hearing before an immigration judge. Judgment shall be entered dismissing without prejudice the remaining Counts of the Petition.

Dated: May 13, 2026

_____
MARK C. SCARSI
United States District Judge

3